IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREG E. DUNIGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-00072-JPG |
| | ) |
| CHATHERINE HUTCHINSON, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Greg E. Dunigan was recently released from Big Muddy River Correctional Center ("Big Muddy"). Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights, principally with respect to his medical care at Big Muddy.

This case is now before the Court for a preliminary review of the complaint and accompanying exhibits (Docs. 1, 4, 6) pursuant to 28 U.S.C. § 1915(e)(2). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

**Discussion**

Federal Rule of Civil procedure 8(a) requires: (1) a short, plain statement of claim, showing the pleader is entitled to relief; and (2) a demand for relief. *See also* FED.R.CIV.P. 8(d)(1) (claims must be simple, concise and direct). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Furthermore, Federal Rule of Civil Procedure 10 requires the pleader to state his claims in separate numbered paragraphs, "each limited as far as practicable to a single set of circumstances," and also requires that "each claim founded on a separate transaction or occurrence" be "stated in a separate count" if "doing so would promote clarity." *Id.* 10(b). The primary purpose of these rules is to give defendants fair notice of the claims against them and the grounds supporting the claims. *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007).

  The complaint fails to satisfy Rules 8 and 10. Plaintiff explains, "instead of me writing an extremely very long statement of claim on all of these different defendants I figured that it would be much shorter and brief that I make copies of the grievances that I have filed against each defendant …." (Doc. 1, p. 5). Plaintiff has essentially left it to the Court to comb through the 85-page complaint (collection of administrative grievances, letters and "kites") and fashion claims against eight named individuals, five "John Does" and three departments at the prison. That is a task that district courts should not have to do. *Lindell v. Houser,* 442 F.3d 1033, 1034 n.1 (7th Cir. 2006); *see also United States ex rel. Garst v. Lockheed–Martin Corp.,* 328 F.3d 374, 378 (7th Cir. 2003), ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."). The complaint, therefore, will be dismissed without prejudice. Plaintiff must return to the drawing board with the following guidance.

  Plaintiff should group all of the relevant information for each intended claim—who did what. When deciding which claims to include in the amended complaint, Plaintiff should keep in mind Federal Rule of Civil Procedure 18. Although a party may join "as many claims as it has

against an opposing party," claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Multiple defendants can be joined in a single action, but only if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED.R.CIV.P. 20(a)(2)(A), (B). For example, it does not appear that any claims regarding the law library can be brought along with medical claims.

Plaintiff has not moved for the recruitment of counsel to represent him—something he has requested and been granted in other cases. The Court acknowledges Plaintiff's many physical ailments mentioned in the complaint, which include an aneurism repair and mental illness (anxiety and depression). However, the complaint is very well written and there is no apparent basis for thinking Plaintiff cannot at least fashion a viable amended complaint without the assistance of counsel.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the complaint (Doc. 1) is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that on or before **March 11, 2016**, Plaintiff shall file an amended complaint in this case. Any amended complaint will undergo a preliminary review pursuant to 28 U.S.C. § 1915(e).

Plaintiff is **ADVISED** that, if he fails to file an amended complaint in this action by the prescribed deadline, the action will be dismissed with prejudice.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: February 17, 2016**        *s/J. Phil Gilbert*
                                                  **United States District Judge**