**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **GREG E. DUNIGAN,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 16-cv-0072-SMY** |
| | ) | |
| **CATHERINE HUTCHISON, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

On January 21, 2016, Plaintiff filed a Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff sued Defendants for deliberate indifference to his medical needs while incarcerated at Big Muddy Correctional Center. (Doc. 1). However, in lieu of drafting an actual Complaint, Plaintiff merely attached copies of all of the grievances he had written. (Doc. 1). The Complaint did not survive threshold review under 28 U.S.C. § 1915A because the Court found that Plaintiff failed to satisfy Federal Rules of Civil Procedure 8 and 10. (Doc. 7, p. 2). The Court also noted that it was not the Court's business to fashion a suitable Complaint out of grievances and exhibits. (Doc. 7, p. 2). The Court provided Plaintiff instructions on how to amend his Complaint and directed him to do so on or before March 11, 2016. (Doc. 7, p. 3-4). While the Court noted that Plaintiff had been appointed counsel in the past, it also determined that Plaintiff was capable of fashioning a viable amended complaint without the assistance of counsel. (Doc. 7, p. 4) Accordingly, the Court dismissed the Complaint on February 17, 2016. (Doc. 7).

The deadline has now passed and Plaintiff has not filed an amended complaint. He has also failed to request an extension of the deadline for doing so. Instead, on the last day of the deadline, Plaintiff filed a motion requesting counsel. (Doc. 8). The motion requests that the Court appoint Plaintiff counsel because Plaintiff does not know how to write a second amended complaint. (Doc. 8, p. 2).

When a pro se litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Pruitt*, 503 F.3d at 655. "The question...is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*. Here the Court has already determined that Plaintiff is competent to produce an amended complaint. (Doc. 7). It will not disturb that finding and Plaintiff's motion does not provide further factual detail explaining why he cannot follow the Court's detailed instructions. The Court therefore finds that Plaintiff is not in compliance with its February 17, 2016 Order directing him to file an amended complaint. (Doc. 6).

As a result, this case is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted and for failure to comply with an order of this Court. FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v.*

*Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[1] FED. R. APP. 4(a)(4).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: August 5, 2016**

s/ STACI M. YANDLE
United States District Judge

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).